# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for PAUL QUARANTILLO, and JOHN C. BUSSE, trustees ad litem, LABORERS' DISTRICT COUNCIL OF WESTERN PENNSYLVANIA WELFARE AND PENSION FUNDS, THE CONSTURCTION INDUSTRY ADVANCEMENT PROGRAM OF WESTERN PA FUND and the LABORERS' DISTRICT COUNCIL OF WESTERN PENNSYLVANIA and its affiliated local unions, <br><br> Plaintiff, <br><br> v. <br><br> USA CONCRETE CONSTRUCTION, INC., <br><br> Defendant. | Civil Action No. 08-1510 <br><br> Magistrate Judge Cathy Bissoon |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion for Alternate Service (Doc. 2) through which Plaintiff seeks an Order from this Court allowing it to serve Defendant USA Concrete Construction, Inc. by First-Class U.S. Mail. Given the nature of the Motion and the fact that Defendant has not been served, Defendant has not filed a response. For the reasons that follow, Plaintiff's Motion for Alternate Service (Doc. 2) is denied without prejudice.

## BACKGROUND

Plaintiff filed its Complaint with this Court on October 28, 2008. Plaintiff has attempted to serve the Summons and Complaint upon Defendant by certified mail at 145 Nulf Drive, Columbiana, Ohio 44408. (Pls' Mot. at ¶ 2.) According to Plaintiff's Motion, the United States Postal Service ("USPS") made three attempts to deliver the Summons and Complaint to no avail.

Id. at ¶ 3. The USPS, therefore, returned the Summons and Complaint to Plaintiff as "unclaimed." Id. Plaintiff alleges that Defendant "refuses to pick up its certified mail at its post office in Columbiana, Ohio." Id. at ¶ 4. Plaintiff now moves, pursuant to Federal Rule of Civil Procedure 4 and Pennsylvania Rule of Civil Procedure 430, for permission to serve Defendant by "postage prepaid, U.S. first class mail at 145 Nulf Drive, Columbiana, Ohio 44408." See id. at 2.

**ANALYSIS**

Under Federal Rule of Civil Procedure 4(h), a plaintiff may serve a corporation either (1) "in the manner prescribed by [Federal] Rule 4(e)(1) for serving an individual" or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h). Federal Rule 4(e)(1), referenced in the former method, directs a plaintiff to follow "state law for serving a summons . . . ." Fed. R. Civ. P. 4(e)(1).

Pennsylvania Rule of Civil Procedure 404, which governs service of a summons and complaint outside of Pennsylvania,[1] permits service in one of several ways, including, inter alia: (1) "by a competent adult in the manner provided by Rule 402(a)" or (2) "by mail in the manner provided by Rule 403," e.g., return receipt mail. Pa. R. Civ. P. 404(1)-(2). Rule 402(a), in relevant part, provides that a plaintiff may serve the defendant personally or serve the defendant's agent or person in charge of the "office or usual place of business" of defendant. Pa. R. Civ. P. 402(a). If service is attempted through return receipt mail under Rules 404(2) and 403 and the mail is "returned with notation by the postal authorities that it was unclaimed, the plaintiff shall make service by another means pursuant to these rules." Pa. R. Civ. P. 403(2).

Rule 430, upon which Plaintiff's Motion is premised, provides:

---

[1] Defendant USA Concrete Construction, Inc. is alleged to have a principal place of business at 145 Nulf Drive, Columbiana, Ohio 44408. Pl's Mot. at ¶ 2; see also Pl's Compl. (Doc. 1) at ¶ 5.

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

Pa. R. Civ. P. 430(a). To obtain leave for alternate service, a plaintiff must show (1) "a good faith effort to locate the Defendant"; (2) that "practical efforts to serve Defendant" have been undertaken; and (3) that "the proposed alternate method of service is reasonably calculated to provide the defendant with notice of the proceedings against [it]." Clark v. Tennessee Shell Co., Inc., No. 07-1579, 2008 WL 1944124, at *1 (W.D. Pa. May 1, 2008) (McVerry, J.) (citing Calabro v. Leiner, 464 F. Supp. 2d 470 (E.D. Pa. 2006)). A request for alternate service is an extraordinary remedy and should be granted only if service cannot be made under any other applicable rule of civil procedure. See Flannigan v. Borough of Ambridge, No. 06-1350, 2007 WL 404010, at *1 (W.D. Pa. Feb. 1, 2007) (Caiazza, J.).

Here, Plaintiff has failed to show that "service cannot be made" under any applicable rule. As such, the Court concludes that Plaintiff's Motion is premature and should be denied without prejudice. According to its Motion, the **only** method of service that Plaintiff has attempted thus far is service by certified mail, presumably under Federal Rules 4(h)(1)(A) and 4(e)(1). Plaintiff has not yet attempted any other method of service provided for under Federal Rule 4(h), namely service upon an "officer, a managing or general agent, or any other agent authorized . . . to receive service of process . . . ." See Fed. R. Civ. P. 4(h)(1)(B).

Plaintiff's cursory Motion raises more questions than it answers. It is unclear, for example, whether Plaintiff has attempted to identify or verify Defendant's officers or agents upon whom the Summons and Complaint could be served. It is equally unclear whether Plaintiff has even attempted to verify the accuracy of the Columbiana, Ohio address to which it mailed its

Summons and Complaint. Indeed, that the certified mail was returned as "unclaimed" may suggest that the Columbiana, Ohio address is inaccurate. In this regard, the Court notes that Plaintiff's assertions that Defendant has "obstructed service," "concealed [its] whereabouts," (Pl's Mot. at 2) or has "refuse[d] to pick up the certified mail at the post office in Columbiana, Ohio" (id. at ¶ 4) are wholly unsupported. In short, Plaintiff has failed to demonstrate that it has exhausted all efforts to locate and serve Defendant.

The Court further notes that the mere fact that the United States Postal Service returned the Summons and Complaint to Plaintiff as "unclaimed" is an insufficient reason to invoke the extraordinary remedy of an order for alternate service. Indeed, in circumstances where certified mail is returned as "unclaimed," Pennsylvania's procedural rules require Plaintiff to attempt service by "another means." Pa. R. Civ. P. 403(2). Again, Plaintiff has not yet attempted service by other means, namely service upon an officer, agent, or registered agent of Defendant. For all of these reasons, Plaintiff's Motion is premature and is denied without prejudice.

Plaintiff may re-file its motion should the other methods of serving Defendant fail. If Plaintiff re-files its motion, Plaintiff is reminded of the requirements of Pennsylvania Rule 430. In this regard, the Court observes that Plaintiff's present Motion, in addition to being premature, is substantively deficient. Contrary to the express requirements of Rule 430, Plaintiff failed to include with its Motion "an affidavit stating the nature and extent of the investigation which ha[d] been made to determine the whereabouts of the defendant and the reasons why service [could not] be made." Pa. R. Civ. P. 430(a). Moreover, Plaintiff utterly has failed to articulate any basis for seeking alternate service, including that (1) it made a good faith effort to locate Defendant; (2) it undertook practical efforts to serve Defendant; or (3) that the proposed alternate method of service, e.g., First-Class Mail, is "reasonably calculated" to provide Defendant with

notice of the instant action. Indeed, that the certified mail thus far has been returned as "unclaimed" suggests that service by mail may not be reasonably calculated to provide notice. See Clark, 2008 WL 1944124, at *1 (stating that the proposed alternative method of First-Class Mail was not "reasonably calculated to provide 'actual notice' to Defendants," noting that "mailings to the last known business address have been unclaimed."). Thus, Plaintiff has not satisfied its burden under Rule 430.[2]

## CONCLUSION

For all the reasons stated above, the Court hereby **ORDERS** that Plaintiff's Motion for Alternate Service (Doc. 2) by postage prepaid, U.S. First Class Mail is **DENIED** without prejudice.

**IT IS SO ORDERED**.

s/ Cathy Bissoon<br>Cathy Bissoon<br>U.S. Magistrate Judge

December 3, 2008

cc: Jeffrey J. Leech, Esq. (via email)

---

[2] The Court notes that Pennsylvania Rules of Civil Procedure appear to already allow for service by the very "alternate method" that Plaintiff seeks under specific circumstances. Pennsylvania Rule 403(1) provides that if service by return receipt mail is rejected and the mail is returned with a notation that "the defendant **refused** to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing." Pa. R. Civ. P. 403(1) (emphasis added).